IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL CURTIS REYNOLDS )<br>)<br>    Petitioner, )<br>)<br>vs. )<br>)<br>ERIC WILLIAMS, )<br>)<br>    Respondent. ) | Case No. 3: 22-cv-00139-JPG |

## **MEMORANDUM AND ORDER**

This is a post-conviction proceeding. Before the Court is Petitioner Michael Curtis Reynolds' ("Petitioner" or "Reynolds") § 2241 (Doc. 1). Additionally, before the Court is Petitioner's Motion to Proceed in Forma Pauperis (Doc. 3) and Motion to Expedite due to COVID outbreak (Doc. 4).

**I.   Background**

Petitioner Michael Curtis Reynolds seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2241 (Doc. 1). Petitioner is currently detained in a Bureau of Prisons Facility, the Greenville Federal Correctional Institute ("FCI Greenville"), in Bond County, Illinois. Federal Bureau of Prisons: FCI Greenville, https://www.bop.gov/locations/institutions/gre (last visited January 24, 2022).

Petitioner is requesting habeas relief from a case in the Middle District of Pennsylvania, where a jury found Petitioner guilty of five charges related to efforts to assist acts of terrorism. *Reynolds v. United States*, No. 3:05-CR-493, 2012 WL 12981962 (M.D. Pa. Aug. 15, 2012). Petitioner argues that he is entitled to habeas relief because he believes the federal prosecutors wrongfully relied on a New York crime from 1978, where Petitioner was convicted of attempted arson, to "illegally…investigate, arrest, search and indict" Petitioner. (Doc. 1, p. 120).

Moreover, Petitioner asserts several other constitutional violations including (1) a violation of the Confrontation Clause when he was unable to confront one of his alleged accusers, (*id*, at 6); (2) an unlawful arrest warrant, issued without probable cause, resulting in his criminal conviction in the Middle District of Pennsylvania, *id*. at 13; (3) a conviction that is not supported by legally sufficient evidence, *id*. at 13-15; (4) the trial court's utilization of an improper standard of review presumably denying petitioner a fair trial, *id*. at 18-22; and (5) allegations of a fraud being perpetrated upon the trial court, *id*. at 22. *See also* (Doc. 7, p. 7). The Petitioner states that had The Northern District of New York resolved Petitioner's venue claims and transferred Petitioner's petition to this Court. *Id*. Petitioner requests that all criminal events for which he has been convicted should be expunged from his record and he should be released (Doc. 1, p. 121).

Additionally, Petitioner also requests the Court expedite a decision due to a COVID outbreak at FCI Greenville (Doc. 4). Specifically, Petitioner states that he should be taken to a "Federal Holding Facility" within this Court's jurisdiction to monitor his medical treatment. *Id*.

## II.   Analysis

### a.   Section 2241

The Court first notes that Petitioner has already filed a § 2255 in his federal case. *See Reynolds*, No. 3:05-CR-493, 2012 WL 12981962 (M.D. Pa. Aug. 15, 2012). Successive petitions must be certified by the court of appeals. 28 U.S.C. § 2255(h). The essential purpose of *habeas corpus* is "to give a prisoner a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence." *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998). However, *habeas corpus* relief under § 2241 is available to federal prisoners in limited circumstances. It is not available where a defendant had a reasonable opportunity to

challenge the legality of his sentence in a § 2255 proceeding. *Id.*; 28 U.S.C. § 2255. The prisoner has the burden of establishing that his remedy under § 2255 was inadequate or ineffective. So long as the prisoner had one "unobstructed procedural shot" at getting a sentence vacated, he cannot resort to § 2241 to attack his conviction or sentence. *Davenport*, 147 F.3d at 609-10 (internal citations omitted).

In *Davenport's* wake, the Seventh Circuit has established a three-part test to determine whether a petitioner satisfies § 2255(e)'s savings clause. *See, e.g., Montana v. Cross*, 829 F.3d 775, 784 (7th Cir. 2016). To pursue relief under § 2241, a petitioner must establish that "(1) the claim relies on a statutory interpretation case, not a constitutional case, and thus could not have been invoked by a successive § 2255 motion; (2) the petitioner could not have invoked the decision in his first § 2255 motion and the decision applies retroactively; and (3) the error is grave enough to be deemed a miscarriage of justice." *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019); *Chazen v. Marske*, No. 18-3268 (7th Cir. Sept. 9, 2019).

At this juncture, it is unclear with the filings provided in this case, without more, that Petitioner is clearly not entitled to relief. Thus, the Court **ORDERS** the respondent to answer or otherwise plead, consistent with this Order, within 30 days.

    b. **Motion to Expedite**

Petitioner also requests that this Court expedite its decision of Petitioner's habeas case in light of the fact that FCI Greenville is likely under a lockdown due to the COVID-19 pandemic, Petitioner has four major COVID high risk factors, and the physician at the facility cannot be relied upon for medical treatments (Doc. 4). A § 2241 is the proper vehicle to challenge the fact or duration of confinement, *not* the conditions of his confinement. *Booker v. Lammer*, No. 221CV00351JPHMJD, 2021 WL 5235095, at *2 (S.D. Ind. Nov. 8, 2021) (emphasis added).

In cases where a prisoner "is not challenging the fact of his confinement, but instead the conditions under which he is being held, [the Seventh Circuit] has held that [he] must use a § 1983 or Bivens theory." *Id*. (citing *Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005). While the Court will endeavor to address Petitioner's claims expeditiously, a § 2241 is not an appropriate avenue for Petitioner's request to transport Petitioner to a "Federal Holding Facility" within this Court's jurisdiction to monitor his medical treatment. Therefore, the Court **DENIES** Petitioner's Motion to Expedite (Doc. 4).

### III. Conclusion

The Court therefore **ORDERS** the respondent to answer or otherwise plead, consistent with this Order, within 30 days. Petitioner can file a rely brief within 30 days after respondent's response. Additionally, the Court **GRANTS** Petitioner's Motion to Proceed in Forma Pauperis (Doc. 3) and **DENIES** Motion to Expedite due to COVID Outbreak (Doc. 4).

**IT IS SO ORDERED.**
**Dated: January 25, 2022**

                                                              /s/ J. Phil Gilbert
                                                              **J. PHIL GILBERT**
                                                              **DISTRICT JUDGE**