UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL CURTIS REYNOLDS,

    Petitioner,

        v.

ERIC WILLIAMS,

    Respondent.

Case No. 22-cv-00139-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on Michael Curtis Reynolds ("Reynolds" or "Petitioner") action filed pursuant to 28 U.S.C. § 2241 (Doc. 1). Reynolds is currently incarcerated at FCI Greenville, Illinois. He has also recently filed motions (Docs. 15, 16, 17, 18). Respondent Eric Williams ("Respondent") filed his response at Doc. 13. Reynolds submitted a reply at Doc. 14.

**I.**      **Introduction and Petitioner's History**

Reynolds was convicted in July 2007 in the Middle District of Pennsylvania and sentenced to a total of 360 months on five counts: attempting to provide material support to a foreign terrorist organization (18 U.S.C. § 2339B); attempting to provide material support to damage an interstate gas pipeline facility by means of force or explosive (18 U.S.C. § 2339A(a) & § 2); soliciting others to damage an interstate pipeline facility by means of force or explosive (18 U.S.C. § 373); distributing information through the internet on the manufacture and use of an explosive device (18 U.S.C. § 842(p)(2)); and possession of a grenade (18 U.S.C. §§ 5841, 5861(d), & 5871). (Doc. 297, *United States v. Reynolds*, Case No. 05-cr-493 (M.D. Pa.), "criminal case"). The United States Court of Appeals, Third Circuit, affirmed Reynolds' convictions on direct appeal on March 18, 2010. *United States v. Reynolds*, 374 F. App'x 356 (3d

1

Cir. 2010). His initial motion under 28 U.S.C. § 2255 was dismissed on August 15, 2012. (Doc. 479 in criminal case); *Reynolds v. United States*, 2012 WL 12981962 (M.D. Pa. Aug. 15, 2012). Reynolds subsequently filed several more collateral attacks in the sentencing court which were dismissed as unauthorized successive motions brought under § 2255. (See Doc. 492 in criminal case, Nov. 28, 2012); *Reynolds v. United States*, Case No. 16-cv-1843 (M.D. Pa.) (Docs. 522, 537 in criminal case, Dec. 9, 2016); *Reynolds v. United States*, Case No. 17-cv-750 (M.D. Pa.) (Docs. 557, 562 in criminal case, Dec. 21, 2017).

In 2018, Reynolds filed two actions in the sentencing court and urged the sentencing court to set aside its judgment as having been obtained by fraudulent means pursuant to *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944). The court construed the first (*Reynolds v. United States*, Case No. 18-cv-691) as a habeas petition pursuant to § 2241 and dismissed it because Reynolds' claim of "actual innocence" did not arise from a change in law subsequent to his conviction and could not be brought under the "safety-valve" clause of 28 U.S.C. § 2255(e). (Doc. 5 in Case No. 18-cv-691, M.D. Pa., April 4, 2018). The court analyzed Reynolds' second *Hazel-Atlas* petition (*Reynolds v. United States*, Case No. 18-cv-1093) as a civil rights claim, and in the alternative, a habeas action under § 2241 or § 2255. (Doc. 9 in Case No. 18-cv-1093 (M.D. Pa., June 14, 2018). Again, Reynolds failed to show that his § 2241 claim could be brought within the 28 U.S.C. § 2255(e) "safety-valve," and it could not be considered under § 2255 because the court of appeals had not authorized a successive § 2255 motion.

In October 2018, Reynolds was permitted to bring a successive § 2255 motion in *Reynolds v. United States*, Case No. 18-cv-1977 (M.D. Pa., Docs. 565, 566 in criminal case). He raised the same argument in that action that he raises herein – in light of *Dimaya* and other Supreme Court cases, his conviction under 18 U.S.C. § 842(p)(2) is invalid because the statute

2

incorporates 18 U.S.C. § 16(b) which was declared unconstitutionally vague. (Doc. 565, criminal case). The motion was denied on Sept. 26, 2019 (Doc. 662 in criminal case). The sentencing court's order dismissing Reynold's 2255 motion dismissed an additional 49 motions Reynolds filed while a ruling on his authorized successive § 2255 motion was pending.

Reynolds has attempted to collaterally attack his conviction twice in the Southern District of Illinois. He previously filed a § 2241 challenge in *Reynolds v. Werlich*, Case No. 18-cv-1031-DRH (S.D. Ill., dismissed June 21, 2018, Doc. 20). In this § 2241, Reynolds argued that his convictions were void pursuant to *Mathis v. United States*, 136 S. Ct. 2243, 2250 (2016). He argued that his sentence was improperly enhanced, the jury was not instructed, and his charges under 18 U.S.C. § 842(p)(2)(A) and § 922(g)(1) were unconstitutional. An appeal is pending in that case. In November 2019, Reynolds filed another § 2241 in this district. The crux of his argument is pursuant to *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) and *United States v. Davis*, 139 S. Ct. 2319 (2019), among other decisions, his "entire case is under 18 U.S.C. § 16(b)," which has been held "[u]nconstitutional and void for vagueness," and thus, he is illegally detained and must be immediately released. *Reynolds v. Werlich*, Case No. 19-cv-1223-SMY. Judge Yandle dismissed that case with prejudice.

II.     **Current § 2241 Motion**

Reynolds now moves this Court pursuant to § 2241 (Doc. 1). Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing but are instead limited to challenges regarding the execution of a sentence in a § 2255. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). However, the Seventh Circuit has recognized that it is possible for a prisoner to challenge his sentence or conviction in a § 2241 in very limited circumstances. Title 28 U.S.C. § 2255(e) contains a

"savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under a § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Section 2241 is not available where a defendant had a reasonable opportunity to challenge the legality of his sentence in a § 2255 proceeding.

A defendant who invokes the § 2255(e) savings clause (also called a "safety valve") in order to proceed under a § 2241 must satisfy three conditions to show § 2255 is inadequate or ineffective: (1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant. *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016); *In re Davenport*, 147 F.3d 605, 610–11 (7th Cir. 1998). These three conditions are known as the *Davenport* conditions.

Reynolds' claims fail *Davenport* condition number 1. Reynolds' habeas petition is 121 pages (Doc. 1). His reply to the Government's response was 88 pages. Reynolds' arguments do not rely on a relevant case of statutory interpretation. Reynolds' petition relies on the arguments of *Knapik v. John Ashcroft*, 384 F.3d 84 (3rd Cir. 2004), *Brady* violations, and venue issues (Doc. 1, p. 118-121). Reynolds states that *Dawkins v. United States*, 829 F.3d 549, 550 (7th Cir. 2016) and *Mathis*, 136 S. Ct. 2243, is a "basis for filing" his § 2241 (Doc. 14, p. 9).

While *Mathis* is a statutory-interpretation case, it involved the Armed Career Criminal Act ("ACCA") and not the federal sentencing guidelines. In *Mathis*, the Supreme Court held that an Iowa burglary statute, which allowed for a conviction based on entry to a vehicle, was too broad to qualify as a "generic burglary" statute. "Generic burglary" requires that the unlawful entry must have been made to a building or other structure. Because the Iowa statute was not

"divisible" into distinct elements according to where the crime occurred, the Court held that a conviction under that state law could not be used as a predicate offense to enhance a defendant's sentence under the ACCA. *Mathis*, 136 S.Ct. at 2250-51; *see also United States v. Haney*, 840 F.3d 472, 475-76 (7th Cir. 2016). *Mathis* is not applicable to Reynolds because the enhancement of his guideline range was not based on the burglary clause of the ACCA but was made pursuant to USSG § 3A1.4 for terrorism offenses, which contains none of the language at issue in *Mathis* and is distinct from the "career offender" enhancements. Additionally, Judge Herndon has already rejected this exact argument. *Reynolds v. Werlich*, No. 18-CV-1031-DRH, 2018 WL 3067850, at *4 (S.D. Ill. June 21, 2018).

Reynolds' next argument stems from his prior conviction in the Pre-Sentence Report ("PSR"), search warrant, and grand jury. Reynolds claims throughout his briefing that a 1978 previous conviction of "attempted arson" was wrongfully used to calculate his sentence because the "concept of an attempted recklessness crime is nonsensical" pursuant to *Knapik v. Ashcroft*, 384 F.3d 84, 91 (3d Cir. 2004). First, this argument fails because Reynolds does not point to a case of statutory interpretation and thus, is improperly brought before this Court on a § 2241. *Knapik* is not a case of statutory interpretation. Second, the Court would note that almost every case that *Knapik* cites, uses it to clarify whether a conviction at issue constitutes a "crime involving moral turpitude" ("CIMT") which is used in the context of immigration law. Specifically, *Knapik* clarified that Courts look to "elements of the statutory state offense, not to the specific facts," to determine whether the conviction at issue constitutes a CIMT. A noncitizen convicted of a CIMT within five years of admission is deportable. *Knapik,* 384 F.3d at 88. Thus, *Knapik* does not carry the weight that Reynolds argues it does.

Third, the Third Circuit Court of Appeals has already evaluated and dismissed this

argument. *Reynolds v. United States*, No. 3:05-CR-493, 2012 WL 12981962, at *5 (M.D. Pa. Aug. 15, 2012) ("misstatement in the search warrant affidavit that was material to a finding of probable cause and that he did not meet his burden on his allegations of perjured testimony"). Additionally, the sentencing court noted in one of the § 2255 decisions that it was the "nature of the conviction" that was relevant to the case. *Id*. at 6.

Next, Reynolds states that the Government is withholding *Brady* exculpatory material evidence which stated, "the illegal usage of this now-argued New York predicate crime, as well as more facts of actual innocence." (Doc. 14, p. 82). First, Reynolds does not establish why bringing this *Brady* claim under a § 2255 was inadequate or ineffective, thereby satisfying the savings clause in § 2255(e), a prerequisite for this Court to evaluate this case under a § 2241. "[T]here must be some kind of structural problem with section 2255 before section 2241 becomes available." *Higgs v. Watson*, 841 F. App'x 995, 997 (7th Cir. 2021). "[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied. *Id*. (internal citations omitted). Given that Reynolds has filed many § 2255 and cannot provide this reason why there is a structural problem with filing these *Brady* arguments under a § 2255, these arguments fail. Reynolds has made these arguments dozens of filings before and have already been adjudicated by courts within the Third Circuit Court of Appeals and now this district. *See Reynolds v. Werlich*, No. 18-CV-1031-DRH, 2018 WL 3067850, at *3 (S.D. Ill. June 21, 2018)(court rejecting Petitioner's argument under § 2241 that "the Government withheld exculpatory evidence of actual innocence"); *Reynolds v. Williams*, No. CV 3:20-2178, 2021 WL 4033131, at *3 (M.D. Pa. Sept. 3, 2021) ("Judge Caputo also denied approximately forty (40) additional motions for relief Reynolds had filed between October of 2018 and September of 2019. Each of these requested similar relief regarding the defendant's actual

6

innocence. Judge Caputo …dismissed them for being filed without prior authorization.").

Reynolds dedicates much of his reply to claims of fraud that have already been evaluated and dismissed by other courts (Doc. 14, p. 20-56, 59-80). *See e.g. Reynolds*, No. CV 3:20-2178, 2021 WL 4033131, at 4 (finding Reynolds' bases of his § 2241 unpersuasive as "he continues to minimize in his filings by attempting to attack and distinguish the factual bases for his convictions and by repeating his baseless allegations that the FBI repeatedly 'lied' to the grand jury and the court, including that evidence was planted in his case resulting in his 'illegal arrest' in order to obtain "a completely fabricated conviction"); *see also Reynolds v. United States*, 2012 WL 12981962, at *5-11 (M.D. Pa. Aug. 15, 2012) (denying § 2255 motion and noting that Reynolds had previously raised issues of perjury, admission of innocence, improper search warrant, and fabrication of evidence that the sentencing court and Third Circuit rejected). These arguments, aside from being previously litigated and dismissed, similarly do not demonstrate that a § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

In short, Reynolds has failed to meet his burden to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of his detention, permitting him to proceed under § 2241. "The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255." *Reynolds v. Williams*, No. CV 3:20-2178, 2021 WL 4033131, at 6 (internal citations omitted). Here, Petitioner attempts to challenge his 2007 criminal conviction and sentence, based on issues that have previously been raised, or could have been raised in a § 2255 motion. *Id*.

Because Reynolds cannot meet the first *Davenport* requirement, his § 2241 Petition will be dismissed.

III.     **Motion to Compel Production**

Reynolds also requested a production of documents under The Mandamus Act, 28 U.S.C. § 1361. Section 1361 vests the Court with jurisdiction to issue writs of mandamus. Section 1361 establishes jurisdiction for a federal court to compel a federal official or agency to perform a duty that is owed to the petitioner. See 28 U.S.C. § 1361. Three elements must be met to issue a writ: (1) a petitioner's clear right to the relief sought; (2) a plainly defined and peremptory duty on the part of the respondent to do the act in question; and (3) no other adequate remedy at law. *Burnett v. Bowen*, 830 F.2d 731, 739 (7th Cir. 1987). Because a writ of mandamus is considered an extraordinary remedy, a court will deny a petition if any of these three elements are missing. *See Ahmed v. Dept. of Homeland Security*, 328 F.3d 383, 387 (7th Cir. 2003); *Banks v. Secretary of Indiana Family and Soc. Servs. Admin.*, 997 F.2d 231, 244 (7th Cir. 1993). Here, petitioner states that he is owed a motion to compel production of documents pursuant to *Brady*.

However, this Court does not have jurisdiction to compel documents pursuant to *Brady* issues that have already been litigated. *See also id*. at 245 n.13 (collecting cases and teaching, with respect to the threshold requirement that the Plaintiff/petitioner must have a clear right to the remedy sought, "that the mandamus remedy is only available under exceptional circumstances of clear illegality.") (internal quotation marks and citation omitted). Additionally, Reynolds is not entitled to admissions by Respondent pursuant to Rule 36 (Doc. 19).

Thus, finding that Reynolds' action is not properly before this Court on a § 2241, his arguments already adjudicated in various other actions, this Court does not find Reynolds' clear right to relief sought, and no plainly defined duty on the part of Respondent compel *Brady* materials. Thus, the Court **DENIES** Reynolds' Motion to Compel Production of Documents (Doc. 15) and Request for Admissions pursuant to Rule 36 (Doc. 19).

## IV. Motions for Declaratory Judgment

After Reynolds filed his reply to the Respondent, he filed two motions for declaratory judgment (Docs. 16 and 17). Reynolds' first motion for declaratory relief requests an expungement of "attempted arson in the fourth degree" and assault on a police officer from 1995 (Doc. 16, p. 15). However, early in his motion Reynolds requests and directs the U.S. Probation Office to "correct its' flawed records, again retroactive to the creation dates of 1978 and 1995 respectfully, and to permanently expunge those falsified entries." (Doc. 16, p. 1).

First, while Reynolds has filed a motion for declaratory relief, § 2255 is the "exclusive remedy" to challenge a federal conviction, as he does here, unless that remedy is "inadequate or ineffective to test the legality of [the] detention." 28 U.S.C. § 2255(e); *Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007). The Court has found that Reynolds' has failed to show how a § 2255 is ineffective to test the legality of his detention. "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference.  It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (internal citation omitted).

The Seventh Circuit Court of Appeals in *Johnson*, noted that "[i]nsofar as [the defendant] wants to correct inaccuracies in his presentence report that might affect the date of his parole, he must use the procedure outlined in *United States v. Mittelsteadt*, 790 F.2d 39 (7th Cir.1986) (per curiam)." *Johnson*, 805 F.2d at 1291. In *Mittelsteadt*, the defendant, pursuant to a 28 U.S.C. § 2255 motion, requested the court to make a finding that would help to rectify an error in his presentence report. First, he must satisfy jurisdictional and venue requirements. *Id*. Second, Petitioner must exhaust his administrative remedies before the Parole Commission. *Id*. at 41.

First, this Court notes, as it has done above, that many other courts have evaluated and dismissed Reynolds claims of the falsification of records regarding his PSR, including the sentencing court. Additionally, the Seventh Circuit has made clear that such an argument must be made pursuant to § 2255, which Reynolds cannot show was ineffective to test the legality of his detention. Additionally, even if these arguments are properly made under § 2241, Reynolds has failed to show that he has exhausted his administrative remedies before the commission.

Additionally, Reynolds filed a motion for declaratory judgment to request the Court hold "Petitioner has no 'crimes of violence' and cannot be then barred First Step Act credits, nor early release for that reason." (Doc. 17, p. 1). Specifically, he states that he cannot obtain credits for halfway house or home release. *Id*. at 25. He states that because his crimes pursuant to 18 U.S.C. 160(b) and section 924(c)(3)(B) are void and unconstitutional, failure to provide him credits are against the law. *Id*. Reynolds is attempting to relitigate issues that have been since decided. *Reynolds v. Werlich*, No. 19-CV-1223-SMY, 2020 WL 3316071, at *3 (S.D. Ill. June 18, 2020), reconsideration denied, No. 19-CV-1223-SMY, 2020 WL 3639900 (S.D. Ill. July 6, 2020)("[Reynolds] raised the same argument in that action that he raises herein – in light of *Dimaya* and other Supreme Court cases, his conviction under 18 U.S.C. § 842(p)(2) is invalid because the statute incorporates 18 U.S.C. § 16(b) which was declared unconstitutionally vague. (Doc. 565, criminal case). The motion was denied on Sept. 26, 2019"). Thus, other courts have held that his crimes are not void and unconstitutional.

"As required by the FSA, an inmate cannot earn FSA Time Credits if that inmate is serving a sentence for a disqualifying offense or has a disqualifying prior conviction." 28 CFR part 523 and part 541. A list of disqualifying offenses is listed in 18 U.S.C. §3632(d)(4)(D). Reynolds' offense under 18 U.S.C. 2339B, providing material support or resources to designated

foreign terrorist organizations, qualifies as a disqualifying offense under 18 U.S.C. §3632(d)(4)(D)(xlvii) or "any section of chapter 113B, relating to terrorism." Reynolds is ineligible to receive FSA Time Credits and this Court cannot substitute its judgment for that of Congress.

To the extent Reynolds is requesting compassionate release, "[c]ompassionate release is discretionary, not mandatory; therefore, even if a defendant is eligible for it, a district court may deny compassionate release upon determining that a sentence reduction would be inconsistent with the § 3553(a) factors." *United States v. Reynolds*, No. 21-1923, 2021 WL 4956071, at *2 (3d Cir. Oct. 26, 2021) (finding the district court did not commit clear error of judgment in denying Reynolds' motion under the first step act.).

Reynolds' Motions, which he has labeled as a Motion for Declaratory Judgment (Docs. 16 and 17) are **DENIED**.

V.  **Motion to Expedite Relief and Trial**

Finding that Reynolds has failed to demonstrate § 2255 is an inadequate remedy, and the Court denying his motions for declaratory judgment, the Court **DENIES** Reynolds' Motion to Expedite Relief and Trial (Doc. 18).

VI. **Conclusion**

Reynolds has not demonstrated that § 2255 is an inadequate remedy for his current claims, and consistent with *In re Davenport*, Reynolds cannot raise these claims through a § 2241 petition. *Davenport*, 147 F.3d 605 (7th Cir. 1998). Accordingly, the Petition is summarily **DISMISSED** with prejudice (Doc. 1). All other motions are **DENIED**.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000). If

Petitioner wishes to appeal, he may file a notice of appeal with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B)(iii). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**
**Dated: March 31, 2022**

                                                                     **/s/ J. Phil Gilbert**
                                                                     **J. PHIL GILBERT**
                                                                     **DISTRICT JUDGE**