UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL CURTIS REYNOLDS,

   Petitioner,

      v.

ERIC WILLIAMS,

   Respondent.

Case No. 22-cv-00139-JPG

### MEMORANDUM AND ORDER

This matter comes before the Court on Michael Curtis Reynolds ("Reynolds" or "Petitioner") motions filed after this Court entered a Memorandum and Order dismissing his action filed pursuant to 28 U.S.C. § 2241 (Doc. 22 and 23).

Motions for reconsideration under Rule 54(b) generally "serve the limited function of correcting manifest errors of law or fact." *Slick v. Portfolio Recovery Assocs., LLC*, 111 F. Supp. 3d 900, 902 (N.D. Ill. 2015) (internal quotation marks and citation omitted). Manifest error occurs where the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (internal quotation marks and citation omitted). Additionally, "manifest error" is "the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). A party may also use a motion for reconsideration to alert the court to "a significant change in the law or facts." *Janusz v. City of Chicago*, 78 F. Supp. 3d 782, 787 (N.D. Ill. 2015), aff'd, 832 F.3d 770 (7th Cir. 2016) (citing *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008)). A party asserting such an error bears a heavy burden, and motions for reconsideration "are not at the disposal of parties who want to

'rehash' old arguments." *Zurich Capital Mkts., Inc. v. Coglianese*, 383 F.Supp.2d 1041, 1045 (N.D.Ill. 2005). "Indeed, the court's orders are not mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *United States Securities and Exch. Comm'n v. Nat'l Presto Indus., Inc.*, 2004 WL 1093390, at *2 (N.D. Ill. 2004) (internal quotations omitted)

To begin, the Court will note that many of these arguments have been made and rejected in district courts and appellate courts throughout the United States. These cases were listed throughout the Court's Memorandum and Order denying Petitioner's § 2241 (Doc. 20).

Petitioner argues that the Court has misapplied the law. Specifically, he argues that the Court erred in its application of *Mathis*. The Court disagrees. Another court has also already rejected this argument. *Reynolds v. Werlich*, No. 18-CV-1031-DRH, 2018 WL 3067850, at *4 (S.D. Ill. June 21, 2018).

Next, Petitioner argues that he does not have a "crimes of violence." Again, Petitioner is attempting to relitigate issues already decided in this Court and others. *Reynolds v. Werlich*, No. 19-CV-1223-SMY, 2020 WL 3316071, at *3 (S.D. Ill. June 18, 2020), reconsideration denied, No. 19-CV-1223-SMY, 2020 WL 3639900 (S.D. Ill. July 6, 2020) ("[Reynolds] raised the same argument in that action that he raises herein – in light of *Dimaya* and other Supreme Court cases, his conviction under 18 U.S.C. § 842(p)(2) is invalid because the statute incorporates 18 U.S.C. § 16(b) which was declared unconstitutionally vague. (Doc. 565, criminal case). The motion was denied on Sept. 26, 2019").

Petitioner reiterate that the use of his "attempted arson" case is nonsensical. However, as stated in the Court's previous order, this does not carry the weight Petitioner believes. Another court already dismissed this argument. *Reynolds v. United States*, No. 3:05-CR-493, 2012 WL 12981962, at *5 (M.D. Pa. Aug. 15, 2012). Other courts have further held that a former case from 2005 does not void Petitioner's indictment, arrest, and sentence.

Petitioner has not fulfilled his burden of showing how § 2255 was inadequate or ineffective, thereby satisfying the savings clause in § 2255(e), a prerequisite for this Court to evaluate this case under a § 2241. "[T]here must be some kind of structural problem with section 2255 before section 2241 becomes available." *Higgs v. Watson*, 841 F. App'x 995, 997 (7th Cir. 2021). Petitioner simply rehashes and relitigates arguments already made.

Additionally, it bears repeating that Petitioner does not meet the other *Davenport* factors. Petitioner does not point to any *new rule of statutory interpretation* that was previously unavailable to him or that such an error that was grave enough to be deemed a miscarriage of justice. *In re Davenport*, 147 F.3d 605, 610–11 (7th Cir. 1998). Petitioner does not answer the question as to why these arguments could not have been raised in his initial § 2255. Petitioner did not satisfy and show that the three conditions to show § 2255 is inadequate or ineffective. Such a requirement is necessary before moving forward on a § 2241.

The Court hereby DENIES Petitioner's Motion for Reconsideration (Doc. 22) and DENIES Petitioner's Motion for Show Cause (Doc. 23).

**IT IS SO ORDERED.**
**Dated: June 24, 2022**

/s/ J. Phil Gilbert
J. PHIL GILBERT
DISTRICT JUDGE